By the Court,
Wood, Judge.
The 3d section of the act of the 30th of January, 1822, 2 Ch. St. 1216, provides, that the state auditor shall, on or before the 1st of May, 1822, transmit to the county auditors a list of the land within respective counties, on which arrearages ■of taxes were charged previous to 1820, and which remained unpaid, with a statement of corrections. This the county auditor is required to compare with the duplicates in his office, correct, and advertise a corrected list of the delinquent lands, and certify to the state auditor his corrections, from which duplicates were required to be made out and forwarded to the county auditor. The fifth section requires the county auditor to advertise the list so received, six weeks, in a newspaper of general circulation in the county where the land lies, of his intention to move the next court of Common Pleas for judgment, for the amouut of the tax, interest and penalty, against the person charged with the tax, and at the court to appear and demand judgment. The 6th section requires the'clerk to certify a list of said judgments under seal to the auditor. The 7th section requires the auditor to advertise in the county where the land lies, and proceed to sell.
In the case before us we need look only to the plaintiff’s title, for he must recover on the strength of that, if at all. He must show the *163 provisions of the act of 1822, substantially complied with, for, after the repeated decisions of this court, I need hardly add, that a tax title is regarded stricti juris. The county line severs the tract in dispute, leaving part in Pike, and part in Highland county. The judgment ■was taken in Pike, against the whole tract, and the whole was advertised, sold and conveyed in that county. The question is, can this sale be sustained ? The statute seems to us to make each county a separate district for the collection of taxes. The duplicate is transmitted to the auditor of the county where the land lies, who is to advertise in a paper in that county, take judgment, make sale, and obtain a confirmation there. All the proceedings are required to be in the * county of the land. It seems to us very clear, that any proceeding in relation ■to the land and tax in any other than the county where it is situated, is void. The judgment in Pike against land in Highland county is itself a nullity, and embracing a subject, the land in Highland, not within the jurisdiction of the court. Being void for part, it is so for the whole, for a judgment is an entire thing. The charge upon the duplicate, the foundation of the judgment, the notice, sale, and deed, are all illegal and of no effect as founded upon a void iudgment. The plaintiff then is not entitled to recover
Nónsuit ordered.